James L. Barnett, #7462
HOLLAND & HART LLP
222 South Main, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5826
Fax: (801) 799-5700
jbarnett@hollandhart.com

*Attorneys for Defendant Life and Health
   Benefits Plan of the American Red Cross*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RACHEL S., an individual, <br><br>    Plaintiffs, <br><br> vs. <br><br> LIFE AND HEALTH BENEFITS PLAN OF THE AMERICAN RED CROSS, <br><br>    Defendant. | ANSWER <br><br><br> Case No. 2:14-cv-778-PMW <br><br><br><br> Magistrate Judge Paul M. Warner |

Defendant Life and Health Benefits Plan of the American Red Cross ("Plan") responds to the complaint of plaintiff Rachel S.

1. In response to paragraph 1 of the complaint, the Plan admits that the Employee Retirement Income Security Act ("ERISA") governs the Plan and claims for benefits relating to the Plan, admits that the Court has jurisdiction over this case based on the provisions of ERISA cited in this paragraph of the complaint, admits that Rachel S. has summarized her claims under ERISA in this paragraph of the complaint, denies that Rachel S. is entitled to any relief under ERISA, and denies all other allegations of this paragraph of the complaint.

2. The Plan lacks sufficient information to admit or to deny the allegations of paragraph 2 of the complaint.

3. In response to paragraph 3 of the complaint, the Plan denies the allegations to the extent that Rachel S. seeks to imply an entitlement to receive the benefits in dispute under the Plan, and admits the other allegations of this paragraph of the complaint.

4. In response to paragraph 4 of the complaint, the Plan admits that Cigna Behavioral Health, Inc. is a licensed utilization review agent that reviews mental health claims for medical necessity on behalf of the Plan's third party claim administrator, Connecticut General Life Insurance Company (Cigna Behavioral Health, Inc. and Connecticut General Life Insurance Company collectively referred to as "Cigna"), and denies all other allegations of this paragraph of the complaint.

5. The Plan admits the allegations of paragraph 5 of the complaint.

6. In response to paragraph 6 of the complaint, the Plan admits that venue is proper before the Court, and denies the other the allegations of this paragraph of the complaint.

7. In response to paragraph 7 of the complaint, the Plan incorporates by reference its preceding responses to the allegations of the complaint.

8. In response to paragraph 8 of the complaint, the Plan admits the allegations to the extent that Rachel S. has accurately summarized information contained in the ERISA administrative record, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

9. In response to paragraph 9 of the complaint, the Plan admits the allegations to the extent that Rachel S. has accurately summarized information contained in the ERISA administrative record, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

10. In response to paragraph 10 of the complaint, the Plan admits the allegations to the extent that Rachel S. has accurately summarized information contained in the ERISA administrative record, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

11. In response to the 11th paragraph of the complaint, to which Rachel S. has incorrectly referred to as paragraph "10," the Plan admits the allegations to the extent that Rachel S. has accurately summarized information contained in the ERISA administrative record, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

12. In response to the 12th paragraph of the complaint, to which Rachel S. has incorrectly referred to as paragraph "11," the Plan admits the allegations to the extent that Rachel S. has accurately summarized information contained in the ERISA administrative record,

denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

13. In response to the 13th paragraph of the complaint, to which Rachel S. has incorrectly referred to as paragraph "12," the Plan admits the allegations to the extent that Rachel S. has accurately summarized information contained in the ERISA administrative record, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

14. In response to the 14th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "13," the Plan admits that Cigna initially approved coverage for residential treatment of Rachel S. at Avalon Hills from August 16, 2012 through September 17, 2012, admits that Cigna initially denied coverage for residential treatment of Rachel S. at Avalon Hills after September 18, 2012, denies that Rachel S. has summarized all of the grounds on which Cigna based its claim determination, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

15. In response to the 15th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "14," the Plan denies that Rachel S. has summarized all

other grounds on which Cigna based its appeal determination, and admits the other allegations of this paragraph of the complaint.

16. In response to the 16th paragraph of the complaint, to which Rachel S. has incorrectly referred to as paragraph "15," the Plan admits the allegations to the extent that Rachel S. has accurately summarized information contained in the ERISA administrative record, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to the benefits in dispute under the Plan, denies the allegations to the extent that Rachel S. seeks to imply an entitlement to any recovery under ERISA, and denies all other allegations of this paragraph of the complaint.

17. In response to the 17th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "16," the Plan admits that Rachel S.'s counsel submitted an appeal letter dated April 10, 2014, and denies the other allegations of this paragraph of the complaint.

18. The Plan lacks sufficient information to admit or to deny the allegations of the 18th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "17."

19. The Plan denies the allegations of the 19th paragraph of the complaint (including subparts A through E), which Rachel S. has inaccurately referred to as paragraph "18."

20. The Plan denies the allegations of the 20th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "19."

21. In response to the 21st paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "20," the Plan admits that Rachel S. exhausted her

administrative remedies under ERISA and the Plan, and denies the other allegations of this paragraph of the complaint.

22. The Plan denies the allegations of the 22nd paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "21."

23. The Plan denies the allegations of the 23rd paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "22."

24. The Plan denies the allegations of the 24th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "23."

25. In response to the 25th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "24," the Plan incorporates by reference its preceding responses to the allegations of the complaint.

26. The Plan denies the allegations of the 26th paragraph of the complaint (including subparts A through C), which Rachel S. has inaccurately referred to as paragraph "25."

27. In response to the 27th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "26," the Plan incorporates by reference its preceding responses to the allegations of the complaint.

28. The Plan denies the allegations of the 28th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "27."

29. The Plan denies the allegations of the 29th paragraph of the complaint (including all separately designated subparts), which Rachel S. has inaccurately referred to as paragraph "28."

30. The Plan denies the allegations of the 30th paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "29."

31. The Plan denies the allegations of the 31st paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "30."

32. The Plan denies the allegations of the 32nd paragraph of the complaint, which Rachel S. has inaccurately referred to as paragraph "31."

33. The Plan denies that Rachel S. is entitled to any of the relief listed in the Prayer for Relief paragraph of the complaint.

34. The Plan denies any allegation of the complaint to which it has not already provided an admission, a denial, or a qualified response.

35. The Plan expressly reserves the right to amend this answer (including affirmative defenses) as more information is learned.

### FIRST AFFIRMATIVE DEFENSE

Rachel S.'s complaint fails to state a claim upon which relief can be granted against the Plan based on ERISA, the administrative record, and the terms of the Plan.

### SECOND AFFIRMATIVE DEFENSE

Rachel S. cannot assert a claim for equitable relief, because she has a claim for benefits under 29 U.S.C. § 1129(a)(1)(B).

### THIRD AFFIRMATIVE DEFENSE

Rachel S. cannot assert a claim for breach of fiduciary duty, because she has a claim for benefits under 29 U.S.C. § 1129(a)(1)(B).

### FOURTH AFFIRMATIVE DEFENSE

Cigna in its capacity as the third party claim administrator of the Plan acted reasonably with respect to the consideration of Rachel S.'s claim under the Plan.

### FIFTH AFFIRMATIVE DEFENSE

Substantial evidence, including the terms of the Plan, supported Cigna's claim determination.

### SIXTH AFFIRMATIVE DEFENSE

Cigna in its capacity as the third party claim administrator of the Plan properly exercised its discretion in considering Rachel S.'s claim.

### SEVENTH AFFIRMATIVE DEFENSE

The Court's review of Rachel S.'s claim should be limited to the evidence and the arguments presented to Cigna during the administrative claim process.

### EIGHTH AFFIRMATIVE DEFENSE

Cigna in its capacity as the third party claim administrator of the Plan discharged its duties with respect to the Plan in the best interests of the participants in and the beneficiaries of the Plan, and, in doing so, Cigna acted in accordance with the documents and the instruments governing the Plan.

### NINTH AFFIRMATIVE DEFENSE

Rachel S.'s claims against the Plan are barred by failure or failures of conditions precedent under the terms of the Plan.

### TENTH AFFIRMATIVE DEFENSE

Although the Plan denies any liability to Rachel S., ERISA provides only for an award of benefits due under any employee benefits plan and for no other type of damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Although the Plan denies any liability to Rachel S., any benefits awarded under the Plan are subject to integration, offsets, and deductions as set forth under the terms of the Plan.

THEREFORE, defendant Life and Health benefits Plan of the American Red Cross requests that the Court dismiss the complaint and enter an order awarding to it attorneys' fees pursuant to 29 U.S.C. § 1132(g), costs, and such other relief as the Court deems to be proper.

Dated this 10th day of December, 2014.

        HOLLAND & HART LLP


        */s/ James L. Barnett*
        James L. Barnett

        *Attorneys for Defendant Life and Health*
         *Benefits Plan of the American Red Cross*

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Sadé A. Turner
>Strong & Hanni
>102 South 200 East, Suite 800
>Salt Lake City, UT  84111
>sturner@strongandhanni.com
>
>Lisa S. Kantor
>Kantor & Kantor LLP
>19839 Nordhoff Street
>Northridge, CA  91324
>lkantor@akntorlaw.net

/s/ Tish Howell

7373668_1