A. Turner, #11181
STRONG & HANNI, P.C.
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile:  (801) 596-1508
Email: sturner@strongandhanni.com

Lisa S. Kantor, Pro Hac Vice
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272
Email: lkantor@kantorlaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CEJNTRAL DIVISION

| | | |
|---|---|---|
| RACHEL S., | ) | Case No. 2:14-cv-778-DB |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S OPPOSITION TO THE** |
| vs. | ) | **PLAN'S COMBINED MOTION TO** |
| | ) | **STRIKE ECF 30-1 AND REFERENCES** |
| LIFE AND HEALTH BENEFITS | ) | **TO ECF 30-1 IN RACHEL S.'S** |
| PLAN OF THE AMERICAN RED | ) | **OPENING BRIEF AND SUPPORTING** |
| CROSS, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | Judge Clark Waddoups |
| | ) | |

Defendant the Life and Health Benefits Plan of the American Red Cross ("Plan") asks this Court to strike the Declaration of Tera Lensegrav-Benson, which authenticates notes taken by Avalon Hills in the ordinary course of business of a second level appeal hearing regarding the claims of Plaintiff for residential treatment at Avalon Hills. The Plan also seeks to strike all references to those notes in Plaintiff's Opening Brief.

The Plan recognizes that Plaintiff's request for the Court to consider this evidence must be granted if the standard of review in this ERISA case is *de novo*. However, the Plan contends that the standard of review is not *de novo* because (1) Plaintiff has not demonstrated that Cigna committed a specific type of "procedural irregularity" and (2) Cigna was free to rely on internal guidelines in determining whether Rachel's treatment was medically necessary. The Plan is mistaken.

It is true that the Tenth Circuit has stated that the type of procedural irregularity which divests a plan of deferential review is limited. The Plan cites *Palmer v. Metropolitan Life Ins. Co.,* 415 F. Appx 913, 917 (10th Cir. 2100) (quoting *LaAsmar v. Phelps Dodge Corp. Life Accidental Death & Dismemberment & Dependent Life Ins. Plan,* 603 F. 3d. 789, 799 (10th Cir. 2010) for the proposition that the Tenth Circuit "only" applies the *de novo* standard of review where a plan administrator with discretion either never or untimely issues a decision. But the word "only" does not appear in either decision; it is added by the Plan in between quotations from these cases. The fact that the Tenth Circuit has not yet confronted a procedural regularity of the type which occurred in this case does not mean that it would not find it supports *de novo* review.

In fact, the language used by the Tenth Circuit in describing the scope of a procedural irregularity which supports *de novo* review fits this case with precision. For example, in its analysis of the standard of review decision in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Tenth Circuit in *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 630 (10th Cir. 2003) stated that the law "affords deferential review *only* to discretionary decisions that *conform to the limits placed upon the administrator's discretionary authority by the plan* and ERISA regulations. …Thus, '[d]ecisions made outside the boundaries of conferred discretion are not exercises of discretion' and are not entitled to deferential review." Citing *Jebian v. Hewlett Packard Company*, 310 F.3d 1173, 1177-1178 (9th Cir.2002) (emphasis added).

Here, Cigna's decision was outside the boundaries of conferred discretion. Cigna was given discretion to apply the terms of the Plan. The Plan admits, as it must, that Cigna did not apply the Plan definition of "medical necessity." Instead, Cigna applied the CIGNA Level of Care Guidelines for Behavioral Health & Substance Abuse. For this reason, this Court should review this case *de novo.*

The Plan next argues that ERISA regulations allow a claim administrator to rely on internal guidelines, and courts in the Tenth Circuit had upheld ERISA medical necessary determinations based on internal guidelines. However, in none of the cases cited by the Plan did

the Plaintiff challenge the plan's right to rely on guidelines.[1]

As demonstrated in Plaintiff's Opening Brief, Cigna's guidelines have a specific weight disqualification for residential treatment. The definition of medical necessity in the Plan has no such provision. Rather, the Plan definition incorporates "generally accepted standards of medical practice." (Rachel S. Rec. 0354) These standards state that weight should never be used as the sole criterion for discharge from inpatient care. (Rachel S. Rec. 1992) The Cigna guidelines specifically conflict with the Plan language, and therefore cannot be the basis for a denial of benefits under the Plan.

The Plan also relies on various Plan language, none of which supports its position. Under "Claims Procedures," the SPD states that the various insurers and providers maintain their own *procedures* for determining claims. (Rachel S. Rec. 2399) (emphasis added) This provision says nothing about the *substantive* determination of claims. The Plan contends that plan provisions require Cigna to provide or make available copies of any internal guideline upon which it relied in making a claim decision, citing Rachel S. Rec. 2333, 2401. That is not what is stated on these

---

[1] In other circuits where a procedural irregularity does not lead to de novo review, courts which have confronted a challenge to the use of internal guidelines rather than a plan definition of medical necessity have held that such conduct is an abuse of discretion.  See, e.g., *Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama*, 41 F.3d 1476, 1483-4 (11th Cir. 1995)("Holloway [Blue Cross' Medical Director] analyzed 'medically necessary' under separate guidelines contained in another Blue Cross document that is not even mentioned in the Plan. These separate guidelines are contained in the 'Pre-certification of Private Duty Nursing Policy.' This Pre-certification Policy enunciates a different definition of 'medically necessary' than the one contained in the Plan. Holloway imported an additional requirement from the Pre-certification definition of 'medically necessary' and injected it into her analysis. A claims administrator's decision is arbitrary and capricious where new requirements for coverage are added to those enumerated in the plan. Holloway admittedly never actually analyzed the elements of 'medically necessary' that are listed in the Plan. Accordingly, Holloway's decision was arbitrary and capricious[.]") (citations omitted).

pages. The first citation, from the Plan, states: "if the decision relied on a claim administrator's *internal rules,* a copy of the applicable rule" must be provided. The second citation, from the SPD, contains the same statement. Neither document defines "internal rules," nor does the Plan offer any evidence that *rules* are the same thing as *guidelines*.

Finally, the Plan cites to a sentence in the appeal section of the Plan which states that "appeals will be made in accordance with the terms of the Plan and any applicable internal guidelines." (Rachel S. Rec. 402). The Plan document applies not only to health claims but also to disability claims, dental claims, vision claims, life insurance claims and accidental death and dismemberment claims. (Rachel S Rec. 2378) The Plan offers no evidence that this sentence applies to health claims.

For the foregoing reasons, and for the reasons stated in her Opening Brief, Plaintiff respectfully requests that this Court deny the Plan's motion, review this case under a *de novo* standard of review, admit the Declaration of Tera Lensegrav-Benson and Exhibit A thereto, and consider all references to those pleadings in Plaintiff's Opening Brief.

Dated: March 8, 2017

        STRONG & HANNI
        Sadé A. Turner
        KANTOR & KANTOR, LLP
        Lisa S. Kantor

        */s/ Lisa S. Kantor*
        Lisa S. Kantor
        *Attorneys for Plaintiff Rachel S.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 8th of March, 2017, I electronically filed the foregoing Plaintiff's Opposition to the Plan's Combined Motion to Strike ECF 30-1 and References to ECF 30-1 in Rachel S.'s Opening Brief and Supporting Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James L. Barnett
Holland & Hart
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
jbarnett@hollandhart.com

Jack M. Englert, Jr.
Holland & Hart
6380 South Fiddler's Green Circle, Suite 500
Greenwood Village, Colorado 80111
jenglert@hollandhart.com

Dated: March 8, 2017

                                        STRONG & HANNI
                                        Sadé A. Turner
                                        KANTOR & KANTOR, LLP
                                        Lisa S. Kantor

                                        */s/ Lisa S. Kantor*
                                        Lisa S. Kantor
                                        *Attorneys for Plaintiff Rachel S.*